IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL FOX, III                                                                                        PLAINTIFF

v.                                                                        CAUSE NO. 3:11-CV-377-CWR-MTP

DAVID SESSUMS; FRED COATS;                                                              DEFENDANTS
PERRY WAGGENER; JOHN SIGMAN;
BENNY FRENCH

### ORDER

Before the Court are Carl Fox's motion "to allow my Complaint to remain and proceed," Docket No. 60, the defendants' motion to dismiss, Docket No. 61, Fox's response in opposition to that motion, Docket No. 62, and Fox's motion for hearing, Docket No. 63.

The relevant factual and procedural history was set forth in this Court's January 10, 2013, Order denying another continuance. Docket No. 59. The Order recited that on August 2, 2012, Fox was ordered to provide Rule 7 replies by September 4. *Id.* That deadline was twice extended: first to November 27, and then to January 22, 2013. *Id.* The multiple extensions meant Fox would not receive another continuance past January 22. *Id.* The Court warned that any subsequent failure to meet deadlines or prosecute this case would result in dismissal of this action. *Id.*

Since then, Fox has filed three requests for more time, *see* Docket Nos. 60, 62, 63, but no Rule 7 reply. Indeed, his response brief includes a string of *ad hominem* attacks against the opposing parties and counsel opposite, but he has made no attempt to comply with the previous Orders of this Court. Docket No. 62.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b)). In that case, the Fifth Circuit affirmed the district court's dismissal of an action when the plaintiff did not file a document that had been ordered after having more than four months with which to comply. *Id.* The appellate court concluded that "[t]he district court acted well within the bounds of its discretion when it dismissed for want of prosecution." *Id.* at 1032.

It is well-established that the judiciary is empowered to enforce the Federal Rules of Civil Procedure and Court Orders "so as to achieve the orderly and expeditious disposition of cases." *Weed v. Epps*, No. 3:12-cv-545, 2012 WL 5198333 (S.D. Miss. Oct. 19, 2012) (citation omitted). Cases that do not move forward, either because the plaintiff no longer wants to pursue the matter or because the plaintiff declines to file documents he has been ordered to produce, must be dismissed to prevent undue delays in adjudicating those disputes that do move forward in a timely manner. *See Kirkley v. Spann*, No. 3:10-cv-577, 2011 WL 765744 (S.D. Miss. Feb. 25, 2011). As the Supreme Court has written,

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, and dismissals for want of prosecution of bills in equity.

*Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (citing 3 Blackstone, Commentaries (1768), 295-96).

The Court is not unsympathetic to the plaintiff's objections and assertions that the defendants violated his Constitutional rights. But he has not attempted to file his Rule 7 replies. Longstanding precedent indicates that dismissal is appropriate where, as here, the length of the delay has been substantial, the plaintiff has been given multiple opportunities to file the ordered documents, and the plaintiff has been warned that dismissal will result if the ordered documents were not filed after the extensions.

In accordance with that caselaw, therefore, Fox's motion to continue is denied, the defendants' motion to dismiss is granted, Fox's motion for hearing is denied, and this matter is dismissed with prejudice for failure to prosecute and comply with Court Orders. A separate Final Judgment will issue.

**SO ORDERED**, this the 5th day of February, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE